*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROSS Minors.

UNPUBLISHED
October 27, 2022

No. 359560
Wayne Circuit Court
Family Division
LC No. 18-001941-NA

Before: RONAYNE KRAUSE, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor children pursuant to MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (c)(*i*), (g), (j), and (k)(*v*).[1] We affirm.

## I. BACKGROUND FACTS

These proceedings commenced in 2018, when the court assumed jurisdiction over respondent-father's oldest child, JML, after she suffered multiple rib fractures and a broken humerus, which were consistent with physical abuse. Respondent-father and the child's mother were both caring for JML at the time, and they were unable to provide any plausible explanation for JML's injuries. After respondent-father's second child, ANC, was born in 2019, she too was made a temporary ward of the court because of the risk of abuse. Similarly, the court assumed jurisdiction over respondent-father's third child, TLG, following that child's birth in 2020. Respondent-father and the mother both initially made progress with their treatment plans to the point that the children were returned to their custody in 2020. Within two months, however, the children were again removed after TLG sustained severe, life-threatening, nonaccidental injuries, resulting in permanent disabilities that would require medical support for the rest of her life. Once again, both respondent-father and the mother were caring for TLG when she was injured, and they

---

[1] The trial court also terminated the parental rights of the children's mother, but she has not appealed that decision.

could provide no explanation for the child's injuries. Thereafter, petitioner filed a supplemental petition to terminate respondent-father's and the mother's parental rights to all three children.

Respondent-father entered a no-contest plea to the existence of statutory grounds for termination. Following an evidentiary hearing, the trial court determined that statutory grounds for termination also existed with respect to the mother, and that termination of both respondent-father's and the mother's parental rights was in the children's best interests. Respondent-father now appeals that decision.

## II. STANDARD OF REVIEW

"A court may terminate a respondent's parental rights if one or more of the statutory grounds for termination listed in MCL 712A.19b(3) have been proven by clear and convincing evidence." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "The trial court must order the parent's rights terminated if the Department has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court's best interests findings and statutory grounds findings are both reviewed for clear error. *Olive/Metts*, 297 Mich App at 40. "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004). If a respondent enters a plea and proffers no basis for withdrawing that plea, the facts in that plea become evidence that the respondent may not challenge on appeal. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

## III. STATUTORY GROUNDS FOR TERMINATION

Respondent-father argues that petitioner failed to establish that he was an unfit parent. We disagree.

Respondent advances only a vague argument that the trial court failed to take into account the fact that he was never criminally charged for the harm suffered by the children or the fact that he substantially complied with his parent-agency treatment plan. The former contention is irrelevant given the different standards applicable to criminal proceedings. See *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). The latter is also irrelevant because, critically, the determination of parental fitness rests upon finding that at least one statutory ground for termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re B and J*, 279 Mich App 12, 23; 756 NW2d 234 (2008); see also *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000).

Respondent-father entered a no-contest plea to the statutory grounds for termination alleged in the petition, leaving the trial court to only decide whether termination of his parental rights was in the children's best interests. Respondent-father never moved to withdraw that plea in the trial court, and he does not otherwise challenge the validity of that plea on appeal. Under these circumstances, respondent-father cannot now argue that a statutory ground for termination was not established. *In re Hudson*, 294 Mich App at 264.

Furthermore, even if respondent-father could challenge any of the statutory grounds for termination and actually did so, any such challenge would be meritless. On two occasions, one of respondent-father's children was severely and nonaccidentally injured while in his care. Under the circumstances, it was immaterial whether he inflicted the abuse, failed to protect the children from abuse, or both. See *In re VanDalen*, 293 Mich App 120, 139-142; 809 NW2d 412 (2011); *In re Ellis*, 294 Mich App at 33-36. In short, there was clear and convincing evidence that statutory grounds for termination had been established under either MCL 712A.19b(3)(b)(*i*) (parent caused physical injury to child) or (3)(b)(*ii*) (parent had the opportunity to prevent physical injury and failed to do so); as well as under MCL 712A.19b(3)(j) (reasonable likelihood the child will be harmed if returned to the parent's home) and (k)(*v*) (parent abused the child causing life-threatening injury). In short, respondent was more than amply shown to be an unfit parent.

IV. BEST INTERESTS

Respondent-father also argues that the trial court erred by finding that termination of his parental rights was in the children's best interests. We disagree.

In deciding whether termination of parental rights is in a child's best interests, the court may consider the child's bond to the parent, the parent's parenting abilities, and the child's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App at 41-42. The parent's commission of domestic violence may also be considered. See *In re White*, 303 Mich App at 714; *In re Jackisch/Stamm-Jackisch Minors*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357001), slip op at pp 4-5. The trial court may also consider the advantages of an alternative home for the child when considering the child's best interests. *In re Foster*, 285 Mich App 630, 634-635; 776 NW2d 415 (2009). The focus of the best-interests analysis is on the child rather than on the parent. *In re Moss*, 301 Mich App 76, 86-87; 836 NW2d 182 (2013).

Initially, the record does not support respondent-father's argument that the trial court failed to address the children's best interests. In its findings, the court discussed the horrific injuries caused to TLG shortly after the children were returned to respondent-father and the mother. The court found that the evidence was clear and convincing that placing the children with respondent-father and the mother would expose them to a serious risk of harm, whereas the children were doing well in their foster care placements. The foster parents were also willing to adopt the children. The court expressly found that it was in the children's best interests to terminate respondent-father's and the mother's parental rights.

Respondent-father complains that petitioner failed to investigate what type of bond he had with the children. However, the children's need for protection outweighed any bond that respondent-father may have had with the children. Despite the abuse inflicted on JML in 2018, respondent-father and the mother were provided with services designed to ensure that they could properly and safely parent their children. Shortly after the children were returned, TLG suffered permanent and life-threatening injuries while in respondent-father's and the mother's care. As discussed, respondent-father either committed the abuse, failed to protect the children from the abuse, or both. *In re VanDalen*, 293 Mich App at 139-142; *In re Ellis*, 294 Mich App at 33-36. Considering the severity of the injuries to TLG, which occurred after respondent-father was provided with services to improve his parenting skills following the abuse of JML, it is apparent that a child would be at future risk of severe injury if again placed in respondent-father's care.

Furthermore, any ostensible compliance by respondent-father with his parent-agency treatment plan is irrelevant, because, again, he clearly learned nothing.

In sum, after respondent-father's first child was physically abused, respondent-father was given another chance to prove that he could provide proper care for his children, whereupon he promptly proved the opposite. Any bond that respondent-father may have had with the children does not override the fact that the children would not be safe in respondent-father's care. We are not definitely and firmly convinced that the trial court erred in concluding that the danger respondent-father posed to his children far outweighed any possible benefit they might gain from being returned to his care. Therefore, the trial court did not clearly err by finding that termination of respondent-father's parental rights was in the children's best interests.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Christopher M. Murray